## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KWADWO HUMPHREY,                              :
                                             :
                    *Petitioner,*             :
                                             :
        v.                                   :       No. 2:26-cv-01822
                                             :
JOHN E. RIFE, *et al.,*                       :
                                             :
                    *Respondents.*            :

## ORDER

AND NOW, this 19th day of March, 2026, upon consideration of the approval of Plaintiff's I-601A waiver application, the resolution of the companion mandamus action,[1] and for the reasons placed on the record during conference with counsel, it is hereby ORDERED that the Petition for Writ of Habeas Corpus is GRANTED as follows:

1. Petitioner Kwado Humphrey (Humphrey) shall be immediately released from the Federal Detention Center and subject to electronic monitoring.

2. Upon release, Humphrey shall be transported by a representative of U.S. Immigration and Customs Enforcement's Enforcement and Removal Operations (ERO) to the Philadelphia ERO field office to be fitted with an ankle monitor.

3. Humphrey shall be immediately released from physical custody upon placement of the ankle monitor.

4. Humphrey's future point of contact will be the Dover Field Office located at 210 Beiser Boulevard, Dover, DE 19904.

    a. Humphrey's specific point of contact in the Delaware Field Office will be provided when he is fitted for an ankle monitor in Philadelphia.

---

[1]     26 cv 1868, Dkt 11 & 14.

1

5. Humphrey is required to wear the ankle monitor until the release date provided by this Order or as modified by a subsequent order from this Court.

   a. The purpose of the ankle monitor is to ensure the Government is continuously aware of Humphrey's location.

   b. There shall be no curfew restrictions imposed.

   c. Humphrey shall comply with the geographical restrictions of the ankle monitor with the exception of travel to Washington, D.C.

6. Humphrey is permitted to travel to Washington, D.C. for the purpose of obtaining an updated passport from the Embassy of Ghana.

   a. Humphrey shall notify his contact at the Dover Field Office of the date of his scheduled appointment at the Embassy.

   b. Humphrey shall notify the Dover Field Office when he is en route to the Embassy.

7. The March 20, 2026 stay imposed by this Court prohibiting transfer out of the Easter District of Pennsylvania is LIFTED as of June 18, 2026.

8. Immigration and Customs Enforcement (ICE) may deport Humphrey to Ghana any time after June 18, 2026.

   a. ICE shall provide sufficient proper notice to Humphrey of the intended date of deportation.

   b. No later than 72 hours prior to the date of deportation, Humphrey shall self-surrender to the Dover Field Office.

      i. The Dover Field Office may hold Humphrey in custody from the time of his self-surrender until the date of his scheduled removal.

9. Failure to fully comply with the terms of this Order may result in contempt proceedings.

BY THE COURT:

GAIL A. WEILHEIMER, J.